# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| STEVE RIDDICK, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 7:20-cv-00742 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LARRY COLLINS, *et al.*, ) | By:    Hon. Thomas T. Cullen |
| ) |          United States District Judge |
|     Defendants. ) | |

Plaintiff Steve Riddick, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against correctional and medical personnel at Red Onion State Prison ("Red Onion").[1] The case is presently before the court on a motion for summary judgment filed by Janet C. Deel, LPN ("Nurse Deel"), and Lyndsay A. Jenkins, RN ("Nurse Jenkins").[2] (ECF No. 71.) Riddick has filed a response in opposition to the motion in which he requests summary judgment against Nurse Deel and Nurse Jenkins. (ECF No. 79.) For the reasons set

---

[1] This case is but one of *many* cases Riddick has brought against Red Onion personnel in this court. *See Riddick v. Franklin, et al.*, 7:20cv00081 (W.D. Va. Feb. 3, 2020); *Riddick v. Mullins, et al.*, 7:20cv00096 (W.D. Va. Feb. 10, 2020); *Riddick v. Franklin, et al.*, 7:20cv00081 (W.D. Va. Feb. 3, 2020); *Riddick v. Trent, et al.*, 7:20cv00447 (Aug. 4, 2020); *Riddick v. Lambert, et al.*, 7:20cv00448 (W.D. Va. Aug. 4, 2020); *Riddick v. Mathena, et al.*, 7:20cv00449 (W.D. Va. Aug. 4, 2020); *Riddick v. Mickles, et al.*, 7:20cv00559 (W.D. Va. Sept. 17, 2020); *Riddick v. Moore, et al.*, 7:20cv00560 (W.D. Va. Sept. 17, 2020); *Riddick v. Kiser, et al.*, 7:20cv00561 (Sept. 17, 2020); *Riddick v. Kegley, et al.*, 7:20cv00562 (W.D. Va. Sept. 17, 2020); *Riddick v. Kiser, et al.*, 7:20cv00580 (W.D. Va. Sept. 28, 2020); *Riddick v. Bunch, et al.*, 7:20cv00597 (W.D. Va. Oct. 6, 2020); *Riddick v. Gilbert, et al.*, 7:20cv00598 (W.D. Va. Oct. 6, 2020); *Riddick v. McCowan, et al.*, 7:21cv00138 (W.D. Va. Mar. 5, 2021); *Riddick v. Stanley, et al.*, 7:21cv00177 (W.D. Va. Mar. 26, 2021); *Riddick v. Kiser, et al.*, 7:21cv00178 (W.D. Va. Mar. 26, 2021); *Riddick v. Phillips, et al.*, 7:22cv00290 (W.D. Va. June 6, 2022); *Riddick v. Mullens, et al.*, 7:22cv00291 (W.D. Va. June 6, 2022); *Riddick v. Barton, et al.*, 7:22cv00297 (W.D. Va. June 9, 2022); *Riddick v. Clarke, et al.*, 7:22cv00304 (W.D. Va. June 13, 2022); *Riddick v. White, et al.*, 7:22cv00437 (W.D. Va. Aug. 1, 2022); *Riddick v. Mullens, et al.*, 7:23cv00011 (W.D. Va. Jan. 4, 2023); *Riddick v. King, et al.*, 7:23cv00012 (W.D. Va. Jan. 4, 2023); *Riddick v. Rose, et al.*, 7:23cv00072 (W.D. Va. Jan. 31, 2023).

[2] Dispositive motions filed by other defendants will be addressed separately.

forth below, the motion for summary judgment filed by Nurse Deel and Nurse Jenkins will be granted and Riddick's request for summary judgment will be denied.

## I. BACKGROUND

### A. Riddick's Complaint

This case stems from an incident that occurred in a housing unit at Red Onion on the morning of July 17, 2020. At the time of the incident, Riddick was fully restrained to a table located next to the kiosk in the housing unit. (*See* Compl. pg. 1 [ECF No. 1].) As two correctional officers were escorting another inmate down the stairway, the inmate pulled away from the officers and freed one of his hands from his handcuffs. The inmate then ran toward Riddick and punched him with both hands. Riddick alleges that he sustained "injuries to [his] wrist, ankles, leg, knee, [and] head." (*Id.*)

Riddick alleges that Nurse Deel and Nurse Jenkins assessed him following the incident, and that Nurse Jenkins noted swelling on his left leg. He asserts that "neither nurse cleaned the bleeding cuts on [his] wrist" or provided him with "ointment." (*Id.* at 2.) Instead, they instructed Riddick to clean the cuts with soap. Riddick claims that both nurses violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution "by not cleaning [his] bleeding wounds [and] providing ointment for them." (*Id.*)

### B. The Nurses' Evidence

In support of their motion for summary judgment, Nurse Deel and Nurse Jenkins submitted their own declarations, along with relevant examination notes. Nurse Deel's declaration indicates that she was in Riddick's housing unit when security staff informed her that Riddick had been involved in an altercation and requested that medical staff assess his

condition. (Decl. of Janet C. Deel, LPN ¶ 5, Dec. 3, 2021 [ECF No. 70].) Since Deel does not perform medical evaluations as an LPN, she returned to the medical unit and advised Nurse Jenkins of the request for assistance. (*Id.* ¶¶ 6–7.)

Nurse Jenkins responded to the request. (Decl. of Lyndsay A. Jenkins, RN ¶ 4, Dec. 3, 2023 [ECF No. 69].) Upon arriving at the housing unit, she checked Riddick's vital signs. (*Id.*) According to Nurse Jenkins's examination notes, Riddick reported suffering injuries to his left knee and left wrist during the altercation. (Jenkins Decl. Ex. 1 [ECF No. 69-1].) Nurse Jenkins's physical examination findings included an abrasion on the left wrist with no active bleeding and swelling over the left knee and shin. (*Id.*) She noted that Riddick voiced no other complaints and that he did not appear to be in acute distress at that time. (*Id.*) She then ordered the following treatment: "Motrin 200 mg (2 tabs, twice a day, for five days); ice to the left knee (twice a day for three days); and a Band-Aid for the left wrist abrasion (daily for three days)." (Jenkins Decl. ¶ 4 (citing Jenkins Decl. Ex. 1).)

### C. Riddick's Response

Riddick filed a sworn response in opposition[3] to the motion filed by Nurse Deel and Nurse Jenkins in which he requests summary judgment. In the response, Riddick asserts that the other inmate hit him in the head and that he "may've had [a] concussion." (Pl.'s Resp. Opp'n Mot. Summ. J. 3 [ECF No. 79].) He also asserts that his leg "may've had muscle damage [and he] wasn't brought to medical for further observation." (*Id.* at 4.)

---

[3] At the bottom of his Complaint, Riddick signed below the statement, "I affirm this Complaint." (Compl. pg. 21.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"When faced with cross-motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citations omitted). In considering each motion, "the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Id.* To withstand summary judgment, the nonmoving party must produce sufficient evidence from which a reasonable jury could return a verdict in their favor. *Anderson*, 477 U.S. at 248. "Conclusory or speculative allegations do not suffice to oppose a properly supported motion for summary judgment, nor does a mere scintilla of evidence." *Matherly v. Andrews*, 859 F.3d 264, 280 (4th Cir. 2017) (internal quotation marks and citations omitted).

## III. ANALYSIS

Riddick filed suit against the defendants under 42 U.S.C. § 1983. "Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional right by an

official acting under color of state law." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and citations omitted). Riddick claims that Nurse Deel and Nurse Jenkins violated his rights under the Eighth and Fourteenth Amendments.

"The Eighth Amendment, which is applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" *Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017) (quoting U.S. Const. amend. VIII). "Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016)). An Eighth Amendment violation occurs when a prison official demonstrates deliberate indifference to an inmate's serious medical needs. *Id.*; *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) ("A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment.").

A claim for deliberate indifference has both objective and subjective components. *Jackson*, 775 F.3d at 178. The objective component requires a "serious" medical condition. *Id.* "A medical condition is objectively serious when it either is 'diagnosed by a physician as mandating treatment' or is 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Scinto*, 841 F.3d at 225).

"The subjective component is satisfied by a proof of a defendant's deliberate indifference." *Gordon v. Schilling*, 937 F.3d 348, 357 (4th Cir. 2019). "An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of

and disregards an excessive risk to inmate health or safety.'" *Jackson*, 775 F.3d at 178 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This standard is "exacting," and it requires more than "mere negligence or even civil recklessness." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). To rise to the level of an Eighth Amendment violation, "it is not enough that an official <u>should</u> have known of a risk." *Id.* Rather, the official "must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.* "The subjective component therefore sets a particularly high bar to recovery." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). To find a defendant liable, "the treatment given must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021) (quoting *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990)).

Applying these standards, the court concludes that Nurse Deel and Nurse Jenkins are entitled to summary judgment. First, the record is devoid of evidence from which a reasonable jury could find that Riddick's injuries were sufficiently serious to satisfy the objective component. In his complaint, Riddick claims that the nurses failed to properly treat the "bleeding cuts" on his wrist. (Compl. pg. 16.) Courts have repeatedly held that "swelling and cuts" are "not sufficiently serious to meet the objective prong." *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020); *see also Abernathy v. Anderson*, 984 F.3d 1, 8–9 (1st Cir. 2020) (concluding that an inmate's alleged injuries did not satisfy the "serious medical need inquiry" where the inmate claimed to have suffered "cuts, bruises, swelling, and some bleeding" as a result of an altercation); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (affirming the finding that "a cut over one eye, a quarter-inch piece of glass embedded in [the plaintiff's] palm, and bruises

on his shoulders and elbows" did not rise to the level of serious medical needs); *Shelton v. Angelone*, 148 F. Supp. 2d 670, 679 (W.D. Va. 2001) (concluding that three bleeding cuts and two signature marks from a stun gun did not qualify as serious medical needs).

To the extent Riddick also suggests that he may have experienced a concussion or muscle damage, his "self-diagnosis alone" in sufficient satisfy the objective component, *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994), and he has not presented any other evidence from which a reasonable jury could find that he exhibited symptoms that were "so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Scinto*, 841 F.3d at 225; *see also Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (holding that it was not possible to infer, based on the plaintiff's assertions of hip and back pain alone, that his medical needs were "so serious that any lay person would recognize the necessity of treatment"). Accordingly, Nurse Deel and Nurse Jenkins are entitled to summary judgment on the objective component of Riddick's Eighth Amendment claim.

Additionally, even if Riddick could satisfy the objective component, no reasonable jury could find that Nurse Deel or Nurse Jenkins acted with deliberate indifference to his medical needs. The record reflects that Nurse Deel notified Nurse Jenkins of the need to assess Riddick following the altercation with the other inmate, and that Nurse Jenkins subsequently performed a thorough medical assessment. It is undisputed that Nurse Jenkins ordered Motrin, ice, and Band-Aids for Riddick and that she provided instructions on cleaning his abrasions. To the extent Riddick disagrees with Nurse Jenkins's treatment decisions and believes that he should have received ointment for his wrist, the Fourth Circuit "consistently [has] found such disagreements to fall short of showing deliberate indifference." *Jackson*, 775

F.3d at 178. Based on the evidence presented, no reasonable jury could find that Nurse Deel or Nurse Jenkins actually knew of and disregarded a serious need for medical care, or that the treatment provided to Riddick was so grossly incompetent or inadequate as to permit a finding of deliberate indifference.

### IV. CONCLUSION

For the reasons stated, the court will grant the motion for summary judgment filed by Nurse Deel and Nurse Jenkins and deny Riddick's request for summary judgment.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 30th day of March, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE